UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE, a subscriber assigned
IP address 68.49.201.228,

    Defendant.

Case No. 17-cv-10442
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING PLAINTIFF'S
# MOTION TO EXTEND SUMMONS (ECF #14)

On February 11, 2017, Plaintiff Malibu Media, LLC, filed a Complaint against John Doe, an unidentified individual that Malibu could only identify by his internet protocol address. (*See* ECF #1.) In the Complaint, Malibu accuses the Defendant of infringing its copyrights. (*See id.*)

Malibu has not yet served the Defendant with the Complaint.[1] According to Malibu, on or about April 13, 2017, it began negotiations with Defendant's counsel in an effort to resolve this dispute. (*See* Mot. to Extend Summons at ¶3, ECF #14 at Pg. ID 136.) During those negotiations, Defendant's counsel identified an error in the Complaint that will

---

[1] On March 14, 2017, the Court granted Malibu leave to subpoena the Defendant's identity from his internet service provider. (*See* ECF #9.) Before Malibu received any information from its subpoena, Defendant's attorney contacted Malibu. (*See* Mot. to Extend Summons at ¶3, ECF #14 at Pg. ID 136.) Malibu then contacted the internet service provider and requested that it not respond to the subpoena at this time. (*See id.* at ¶4, ECF #14 at Pg. ID 137.)

1

require Malibu to file an Amended Complaint if the parties' dispute is not resolved. (*See id.* at ¶¶ 3, 5, ECF #14 at Pg. ID 136-37.)

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Summons expired on May 11, 2017. (*See id.* at ¶6, ECF #14 at Pg. ID 137.) Malibu has therefore filed a motion in which it requests that the Court extend the Summons for an additional forty-five (45) days (until June 25, 2017) so that it can continue its negotiations with Defendant's counsel. (*See id.* at ¶7, ECF #14 at Pg. ID 137.)

Malibu's request for an extension is governed by Rule 4(m). In relevant part, that rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff's shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. Rule. Civ. Proc. 4(m). "Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time." *Vargas v. City of Novi*, 2015 WL 3620407, at *2 (E.D. Mich. June 9, 2015) (emphasis in original) (citing *In re Lopez,* 292 B.R. 570, 574 (E.D. Mich. 2003)). "In other words, the court has discretion to permit late service even absent a showing of good cause." *Stewart v. Tennessee Valley Authority*, 2000 WL 1785749, at *1 (6th Cir. 2000) (citing *Henderson v. United States*, 517 U.S. 654 (1996)).

This Court has identified five factors that guide its discretion when it determines whether to extend the time for service:

> whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001). In this action, several of these factors weigh in favor of extending the time for service.

The requested extension is for only a modest time period. The prejudice to the Defendant will not be substantial because an approximately 45-day extension is unlikely to materially impair his ability to defend against Malibu's claims. And finally, no factor weighs heavily in favor of dismissing the Complaint at this stage. Accordingly, the Court exercises its discretion to extend until June 25, 2017, the time for serving the Summons and Complaint on the Defendant.

Therefore, for the reasons stated above, Malibu's motion (ECF #14) is **GRANTED**. Malibu shall serve the Defendant with the Summons, Complaint, and a copy of this Order, by not later than June 25, 2017.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2017, by electronic means and/or ordinary mail.

                                               s/Holly A. Monda
                                               Case Manager
                                               (313) 234-5113